UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DANIEL HORACEK,**

                Petitioner,

                                        CASE No. 04-CV-74293-DT
v.                                           HONORABLE DENISE PAGE HOOD

**HAROLD WHITE,**

                Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS
AND REQUIRING AN ANSWER TO THE HABEAS CORPUS PETITION**

      Petitioner Daniel Horacek has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state conviction for breaking and entering an unoccupied dwelling. This matter currently is pending before the Court on respondent Harold White's motion to dismiss the habeas petition for failure to comply with the statute of limitations. The Court believes that the one-year statute of limitations ran approximately five months. Therefore, Respondent's motion will be denied.

**I. Background**

      Following a bench trial on November 8, 1999, Petitioner was convicted of breaking and entering an unoccupied dwelling with intent to commit a larceny, Mich. Comp. Laws § 750.110. On January 7, 2000, the court sentenced Petitioner as a habitual offender to imprisonment for a minimum term of three years, ten months and a maximum term of twenty years.

      Petitioner applied to the Michigan Court of Appeals for peremptory re-sentencing on the ground that the trial court allowed him to waive his right to counsel without (1) establishing that

the decision was unequivocal, (2) informing him of the dangers and disadvantages of self-representation, and (3) establishing that the waiver was knowing, voluntary, and understanding. On September 19, 2000, the Michigan Court of Appeals concluded that the trial court had failed to comply with Michigan Court Rule 6.005(D) and *People v. Anderson*, 398 Mich. 361; 247 N.W.2d 857 (1976), before allowing Petitioner to waive his right to counsel at sentencing. The court of appeals granted Petitioner's motion, reversed his sentence, and remanded his case for re-sentencing. *See People v. Horacek*, No. 224743 (Mich. Ct. App. Sept. 19, 2000). On remand, Petitioner was re-sentenced to the same sentence of three years, ten months to twenty years. Petitioner appealed his re-sentencing, but subsequently agreed to dismiss the appeal. On May 17, 2001, the Michigan Court of Appeals dismissed the appeal pursuant to the parties' stipulation. *See People v. Horacek*, No. 232332 (Mich. Ct. App. May 17, 2001).

Petitioner then filed a series of post-conviction motions and complaints. On December 10, 2001, he filed a delayed motion for new trial, which the trial court apparently treated as a motion for relief from judgment. After the trial court denied the motion, Petitioner applied for leave to appeal in the Michigan Court of Appeals, alleging ineffective assistance of trial counsel, prosecutorial misconduct, and trial court error. On April 4, 2003, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Horacek*, No. 245470 (Mich. Ct. App. Apr. 4, 2003). On October 31, 2003, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Horacek*, No. 123956 (Mich. Sup. Ct. Oct. 31, 2003). The deadline for seeking a petition for the writ of certiorari in the United States Supreme Court expired ninety days later on January 29, 2004. *See* Sup. Ct. R. 13.1

Meanwhile, on January 8, 2004, Petitioner allegedly filed a motion for jail credit. The trial court denied his motion on July 22, 2004, and on July 27, 2004, Petitioner filed a complaint for superintending control in the Michigan Court of Appeals. The complaint for superintending control was dismissed by the Michigan Court of Appeals on August 9, 2004, because Petitioner failed to pay the filing fee. *See Horacek v. Oakland Circuit Court Clerk*, No. 256938 (Mich. Ct. App. Aug. 9, 2004). The deadline for seeking leave to appeal that order in the Michigan Supreme Court expired on October 4, 2004.

On July 28, 2004, Petitioner filed a petition for habeas corpus in Jackson County Circuit Court. He alleged that he was being illegally restrained because he was not given credit against his sentence for time served in jail. The Jackson County Circuit Court denied the petition on August 3, 2004, and on September 16, 2004, Petitioner's father filed a complaint for the writ of habeas corpus in the Michigan Court of Appeals on Petitioner's behalf. The complaint sought 139 days of jail credit. On December 21, 2004, the Michigan Court of Appeals denied the complaint for habeas corpus without explanation. *See Horacek v. Dept. of Corrections*, No. 257959 (Mich. Ct. App. Dec. 21, 2004). Petitioner signed his federal habeas corpus petition approximately two months earlier on October 28, 2004.[1]

---

[1] The Court deems the habeas petition "filed" on the date that Petitioner signed it and presumably gave it to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that the prisoner's notice of appeal was "filed" at the time he delivered it to prison officials for forwarding to the court clerk ); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (stating that, "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts"); *see also Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (stating that "[l]iberal application of the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988), causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed").

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners.  *See* 28 U.S.C. § 2244(d).  The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Because subsections B through D are not applicable here, the statute of limitations began to run when Petitioner's convictions became final.  A conviction ordinarily becomes final under § 2244(d)(1)(A), and the statute of limitations begins to run, when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)).

Petitioner's direct appeal came to a close on May 17, 2001, when he stipulated to the dismissal of his appeal in the Michigan Court of Appeals.  To the extent that Petitioner had a right to appeal the stipulation and order of dismissal, the time for seeking an appeal in the Michigan Supreme Court expired fifty-six days later on July 12, 2001.  *See* Mich. Ct. R. 7.302(C)(2) (allowing fifty-six days to appeal the decision of the Michigan Court of Appeals in a

criminal case). Because Petitioner did not seek review in the Michigan Supreme Court, the statute of limitations began to run on July 13, 2001. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (concluding that the limitations period began to run when the time for seeking leave to appeal in the Michigan Supreme Court expired). The limitations period stopped running about five months later on December 10, 2001, when Petitioner filed his delayed motion for new trial.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "pending" until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). "[T]he statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied*, 541 U.S. 1070 (2004).

Petitioner had a motion or complaint "pending" in state court from the time he filed his delayed motion for new trial on December 10, 2001, until he signed his habeas petition on October 28, 2004. Therefore, the statute of limitations was tolled from December 10, 2001, to October 28, 2004. The limitations period ran for only five months: from July 12, 2001, when the deadline expired for seeking leave to appeal in the Michigan Supreme Court on direct appeal,

5

to December 10, 2001, when Petitioner filed his delayed motion for new trial.[2]

Respondent's calculation of the limitations period does not toll the time during which Petitioner's motion for jail credit was pending in the trial court: from January 8, 2004, through July 22, 2004. Nor does it appear that Respondent has tolled the fifty-six days during which Petitioner could have appealed the court of appeals order dated August 9, 2004. Respondent also has not tolled the time during which Petitioner's complaint for the writ of habeas corpus was pending in the Michigan Court of Appeals (from September 16, 2004, to December 21, 2004).

The Court concludes that the statute of limitations did not run more than one year. Consequently, Respondent's motion to dismiss [Doc. #12, May 17, 2005] is DENIED. Respondent is ordered to file an answer to the habeas petition within **forty-five (45) days** of the date of this order.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Date: March 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

---

[2] The limitations period ran about seven months if the Court were to assume that Petitioner had no right to appeal his stipulated dismissal in the court of appeals on May 17, 2001.